EXHIBIT A



**SHARON R. BOCK**
Clerk & Comptroller
Palm Beach County

**CASE NUMBER: 50-2020-CA-006682-XXXX-MB**
**CASE STYLE: CARR, KAREEN V GEO CORRECTIONS HOLDINGS INC**

Dockets & Documents ▾

Public = 🖺          VOR = 🔒          In Process = ◉

Page Size: All ▾

| | Docket Number | Effective Date | Description |
|---|---|---|---|
| 🖺 | 1 | 06/23/2020 | CIVIL COVER SHEET |
| 🖺 | 2 | 06/23/2020 | COMPLAINT |
| 🖺 | 3 | 06/23/2020 | SUMMONS ISSUED |
| | 4 | 06/23/2020 | DIVISION ASSIGNMENT |
| 🖺 | 5 | 06/23/2020 | PAID $411.00 ON RECEIPT 3660409 |

Filing # 109283573 E-Filed 06/23/2020 03:12:41 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Kareen Carr</u>
 Plaintiff

         vs.

<u>GEO CORRECTIONS HOLDINGS INC</u>
Defendant

---

**II.     AMOUNT OF CLAIM**
   Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>30,000</u>

**III.     TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions
☐ Professional malpractice
  ☐ Malpractice – business
  ☐ Malpractice – medical

  ☐ Malpractice – other professional
☒ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transaction
  ☐ Circuit Civil - Not Applicable
  ☐ Constitutional challenge-statute or ordinance
  ☐ Constitutional challenge-proposed amendment
  ☐ Corporate Trusts
  ☒ Discrimination-employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

☐ County Civil
  ☐ Small Claims up to $8,000
  ☐ Civil
  ☐ Replevins
  ☐ Evictions
  ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒  Monetary;
☐  Non-monetary declaratory or injunctive relief;
☐  Punitive

**V.      NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>2</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
☐  Yes
☒  No

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒  No
☐  Yes – If "yes" list all related cases by name, case number and court:

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒  Yes
☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Rainier Regueiro</u>
                     Attorney or party
FL Bar No.:  <u>115578</u>
                  (Bar number, if attorney)
                  <u>Rainier Regueiro</u>
                  (Type or print name)
Date:   <u>06/23/2020</u>

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

KAREEN CARR,

      Plaintiff,

v.                                Case No.

GEO CORRECTIONS HOLDINGS, INC.,

      Defendant.

_____/

## COMPLAINT

    **COMES NOW**, Plaintiff, KAREEN CARR ("Plaintiff"), by and through the undersigned

counsel, hereby sues Defendant, GEO CORRECTIONS HOLDINGS, INC., ("Defendant"), and

alleges as follows:

    1.   This is an action for wrongful, retaliatory discharge of an employee in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); and the Florida Civil Rights

Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), to redress injuries resulting from

Defendant's unlawful treatment of and retaliation against Plaintiff.

    2.   This is an action for damages that exceeds $15,000.00 exclusive of interest, attorney's fees

and costs.

    3.   At all times material hereto, Plaintiff was a resident of Broward County, Florida.

    4.   Defendant, GEO CORRECTIONS HOLDINGS, INC., is authorized to conduct business

in the State of Florida, and has its principal place of business in Palm Beach County, Florida

within the jurisdiction of this Honorable Court.

    5.   Venue is proper because all of the actions that form the basis of this Complaint occurred

within this district.

6.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.  Plaintiff commenced employment with Defendant on or about December 20, 2008.

8.  Plaintiff was originally employed as a Tax Administrative Assistant.

9.  On or about December 2017, Plaintiff decided to apply for a different position within the company in the Fleet Department of Defendant.

10. The Director of the Fleet Department was Paul (LNU), who Plaintiff knew only in passing.

11. Paul made the final decisions regarding hiring's within this department.

12. Plaintiff was subsequently hired to the Fleet Department as a Fleet Specialist working under the direction of Paul.

13. Within a few months of working in the Fleet Department Plaintiff began to feel increasingly micromanaged and uncomfortable.

14. Plaintiff experienced unnecessary comments during the scope of her employment by Paul and would get upset at the situation.

15. Paul made such comments directed at Plaintiff as, "you're an American, right, aren't you?" after Plaintiff had specifically informed Paul that she was of Jamaican national origin.

16. Paul would also direct jeering comments at co-workers including a gentleman who Paul insinuated was mentally incompetent by slurring his speech and contorting his hands as if to be deformed.

17. On or about August 2018, Plaintiff began to complain to upper management about the hostile work environment and mistreatment Plaintiff and her co-workers were subjected to on behalf of Paul's conduct.

18. Plaintiff expressed the desire to be moved to a different department and was informed to "sit tight."

19. Prior to complaining to upper management, Plaintiff's performance evaluations had all come back satisfactory.

20. On one occasion after Plaintiff began making her complaints known to upper management, Paul left a list of open job positions that Defendant was hiring for on Plaintiff's chair in her office.

21. This action by Paul made Plaintiff confused and increasingly uncomfortable in her work environment.

22. On or about November 2018, the company transferred Plaintiff to the Payroll Department due to a position opening up.

23. Plaintiff began training for the role of Payroll Specialist under the direction of her new department head and supervisor, Carmen (LNU).

24. On or about February 2019, Plaintiff received a company evaluation from Carmen explaining Plaintiff's progress in her new department and that her performance was meeting all expectations set for her.

25. On or about March 19, 2019, Plaintiff was informed that because she did not apply for the position within the Payroll Department her position was not permanent and that she was still under the direction and overhead of Paul from the Fleet Department.

26. Plaintiff was informed that the Fleet Department had "too many employees" and therefore that Plaintiff was "no longer needed" and she was terminated after almost eleven years of employment.

27. Plaintiff believes her termination was in retaliation for her prior complaints against Paul engaging in unlawful harassment.

28. Plaintiff was never informed that she needed to apply for the Payroll Department position she was transferred to by Defendant until she was being terminated.

29. Plaintiff additionally was not informed why she was still under the control and overhead of Paul despite her new supervisor Carmen conducting her employee evaluations after the transfer.

30. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Florida Commission on Human Relations on May 20, 2019.

31. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.   The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

**COUNT I**
***Retaliation in Violation of the FCRA***

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

33. Plaintiff is a member of a protected class under the FCRA.

34. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

35. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.   Defendant and its supervisory personnel were aware that discrimination on the basis of gender and national origin was unlawful but acted in reckless disregard of the law.

36. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

37. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

38. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

39. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

a. Adjudge and decree that Defendant has violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of Title VII*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

41. Plaintiff is a member of a protected class under Title VII.

42. By the conduct describe above, Defendant's retaliated against Plaintiff for exercising rights protected under Title VII.

43. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant's and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

44. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

45. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

46. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

47. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

    a.   Adjudge and decree that Defendant has violated Title VII, and have done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

b.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 6/23/20

Respectfully submitted,

/s/Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar Number: 115578
rregueiro@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
Comeau Building
319 Clematis Street, Suite 606
West Palm Beach, FL 33401
Telephone: (305) 225-1970
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

KAREEN CARR,

      Plaintiff,

v.                      Case No.

GEO CORRECTIONS HOLDINGS, INC.,

      Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:**  GEO CORRECTIONS HOLDINGS, INC., by and through its registered agent:

          CORPORATE CREATIONS NETWORK, INC.
          11380 PROSPERITY FARMS ROAD, #221E
          PALM BEACH GARDENS, FLORIDA 33410

**YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's Attorney**

          RAINIER REGUEIRO, ESQ.
          REMER & GEORGES-PIERRE, PLLC
          COMEAU BUILDING
          319 CLEMATIS STREET, SUITE 606
          WEST PALM BEACH, FLORIDA 33401

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____      Jun 23 2020
                                   _____
CLERK                                      DATE

*Blake Smith*
_____
(BY) DEPUTY CLERK

     BLAKE SMITH





**SHARON R. BOCK**

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

# RECEIPT
3660409

Printed On:
06/23/2020 03:41
Page 1 of 1

| Receipt Number: 3660409 - Date 06/23/2020  Time 3:41PM | | | |
|---|---|---|---|
| **Received of:** | Remer and Georges Pierre PLLC<br>44 West Flagler St. Suite 2200<br>Miami, FL 33130 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** | 9967981 | **Remaining Balance:** | 0.00 |
| **Division:** | AG: Circuit Civil Central - AG(Civil) | | |

| Case# 50-2020-CA-006682-XXXX-MB -- PLAINTIFF/PETITIONER: CARR, KAREEN | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_ACH | 28359494 | **411.00** |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your
feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.


NOT A CERTIFIED COPY